| | |
|---|---|
| 1 | **THE LAW OFFICE OF** |
| 2 | **JACK FITZGERALD, PC** |
|   | JACK FITZGERALD (SBN 257370) |
| 3 | *jack@jackfitzgeraldlaw.com* |
|   | TREVOR M. FLYNN (SBN 253362) |
| 4 | *trevor@jackfitzgeraldlaw.com* |
| 5 | MELANIE PERSINGER (SBN 275423) |
|   | *melanie@jackfitzgeraldlaw.com* |
| 6 | Hillcrest Professional Building |
| 7 | 3636 Fourth Avenue, Suite 202 |
|   | San Diego, California 92103 |
| 8 | Phone: (619) 692-3840 |
| 9 | Fax: (619) 362-9555 |
| 10 | *Counsel for Plaintiff and the Proposed Class* |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGERLIA MARTIN, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>TRADEWINDS BEVERAGE COMPANY,<br><br>Defendant. | Case No: 16-cv-09249<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR VIOLATIONS OF CAL. BUS. & PROF. CODE §§17200 ET SEQ.; CAL. BUS. & PROF. CODE §§17500 ET SEQ.; CAL. CIV. CODE §§ 1750 ET SEQ.; AND FOR BREACH OF EXPRESS & IMPLIED WARRANTIES**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Angerlia Martin on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby sues defendant Tradewinds Beverage Company ("Tradewinds"), and alleges the following upon her own knowledge, or where she lacks personal knowledge, upon information and belief, including the investigation of their counsel.

## INTRODUCTION

1. Tradewinds falsely advertises and markets various iced tea products as "100% natural," containing "100% natural ingredients," or being made "with all natural ingredients." However, many flavors contain the artificial coloring, caramel color, which is not a natural ingredient, rendering these statements false.

2. Plaintiff brings this action seeking injunctive and monetary on behalf of herself, all other similarly-situated California consumers, and the general public, alleging violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and False Advertising Law, *id.* §§ 17500 *et seq.*, as well as Tradewinds' breach of express and implied warranties.

## THE PARTIES

3. Plaintiff Angerlia Martin is a resident of Los Angeles County, California.

4. Defendant Tradewinds is an Ohio corporation with its principal place of business at 300 Industry Drive #B, Carlisle, Ohio, 45005.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, at least one member of the class of plaintiffs is a citizen of a state different from Tradewinds. In addition, more than two-thirds of the members of the class reside in states other than the state in which Tradewinds is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

6. The Court has personal jurisdiction over Tradewinds pursuant to Cal. Code Civ. P. § 410.10, as a result of Tradewinds' substantial, continuous and systematic contacts with the state, and because Tradewinds has purposely availed itself of the benefits and privileges of conducting business activities within the state.

7. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because Tradewinds resides (*i.e.*, is subject to personal jurisdiction) in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

8. Tradewinds markets and sells various flavors of sweetened and unsweetened iced teas, in both single bottles, and multi-bottle packs. The challenged products are as follows (hereafter the "Iced Tea Products"):

   a. *Sweet Tea*
   b. *Extra Sweet Tea*
   c. *Lemon Tea*
   d. *Raspberry Tea*
   e. *Unsweet Tea*
   f. *Unsweet Tea with Hint of Lemon*
   g. *Unsweet Tea with Hint of Raspberry*
   h. *Unsweet Tea with Hint of Peach*

9. Tradewinds claims on the label of each Iced Tea Product that it is "100% Natural," contains "100% Natural Ingredients," or is made "With All Natural Ingredients" (the "All Natural Claims"):

10. Exemplars of the Iced Tea Products' packaging, including their All Natural Claims, are depicted below.










11. Contrary to Tradewinds' All Natural Claims, each of the Iced Tea Products contains the artificial coloring, caramel color, which is an artificial ingredient.

12. The Food and Drug Administration ("FDA") states that the term "natural" means that nothing artificial or synthetic is present in the food product. According to FDA, "all color additives regardless of source" are artificial or synthetic.

13. Thus, the Iced Tea Products are not "100% Natural," do not contain "100% Natural Ingredients," and are not made "With All Natural Ingredients."

14. Tradewinds' misrepresentations were material. A December 2015 nationally representative Consumer Reports survey of 1,005 adults found that more than half of consumers usually seek out products with a "natural" food label.[1] Moreover, consumers equate "natural" claims with healthier foods, and are generally willing to pay more for healthier foods. For instance, Nielsen's 2015 Global Health & Wellness Survey found that "88% of those polled are willing to pay more for healthier foods."[2]

15. Tradewinds is aware of consumer preference for healthier, "natural" products, and therefore employs and has employed a strategic marketing campaign intended to convince consumers that its Iced Tea Products are all natural, even though they contain artificial caramel color.

## PLAINTIFF'S PURCHASE AND RELIANCE

16. Beginning in 2014, and during the past several years, plaintiff has purchased the Sweet Tea, Lemon Tea, and Raspberry Tea varieties of Tradewinds' Iced Tea. In initially deciding to purchase the Iced Tea Products, plaintiff relied on Tradewinds' All Natural Claims. Plaintiff thereafter purchased the Iced Tea Products approximately once per week, continuing to rely on the All Natural Claims, both because the Iced Tea Products continued to make the All Natural Claims through their labeling, and because nothing on the labeling disclaimed any previous All Natural Claims. Plaintiff typically purchased the Iced Tea

---

[1] http://www.consumerreports.org/content/dam/cro/magazine-articles/2016/March/Consumer_Reports_Natural_Food_Labels_Survey_2015.pdf

[2] Nancy Gagliardi, Forbes, Consumers Want Healthy Foods--And Will Pay More For Them (Feb. 18, 2015) (citing Neilson, 2015 Global Health & Wellness Survey, at 11 (Jan. 2015)).

5

*Martin v. Tradewinds Beverage Company*
COMPLAINT

Products at the Ralphs located at 2270 North Lake Avenue, in Altadena, California 91001; the Vons located at 655 North Fair Oaks Avenue, in Pasadena, CA 91103; or the Smart and Final located at 401 North Fair Oaks Avenue, in Pasadena, CA 91103.

17. When purchasing the Iced Tea Products, Ms. Martin was seeking an all-natural product, and relied on the Iced Tea Products' All Natural Claims to believe that what she was purchasing was all natural.

18. The labeling of the Iced Tea Products, however, was misleading, and had the capacity, tendency, and likelihood to confuse or confound Ms. Martin and other consumers acting reasonably (including the putative class), as described in detail herein.

19. Ms. Martin acted reasonably in relying on Tradewinds' All Natural Claims, which Tradewinds intentionally placed on the Iced Tea Products' labels with the intent to induce average consumers into purchasing the products.

20. The Iced Tea Products cost more than similar products without misleading labeling, and would have cost less absent the false and/or misleading All Natural Claims.

21. If Tradewinds was enjoined from making the All Natural Claims, the market demand and price for its Iced Tea Products would drop, as it has been artificially and fraudulently inflated due to Tradewinds' use of deceptive labeling.

22. Ms. Martin paid more for the Iced Tea Products, and would only have been willing to pay less, or unwilling to purchase them at all, absent the misleading All Natural Claims complained of herein.

23. For these reasons, the Iced Tea Products were worth less than what Ms. Martin paid for them, and may have been worth nothing at all.

## CLASS ACTION ALLEGATIONS

24. While reserving the right to redefine or amend the class definition prior to seeking class certification, pursuant to Federal Rule of Civil Procedure 23, plaintiff seeks to represent a Class of all persons in California who, on or after December 14, 2012 (the "Class Period"), purchased, for personal or household use and not for resale or distribution, the Tradewinds' Iced Tea Products (the "Class").

25. The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class Members in a single action will provide substantial benefits to the parties and Court.

26. Questions of law and fact common to plaintiff and the Class include:

   a. Whether Tradewinds' All Natural Claims are material to reasonable consumers;

   b. Whether Tradewinds' All Natural Claims are false, misleading, or reasonably likely to deceive the public or consumers acting reasonably because the Iced Tea Products are not all natural;

   c. Whether Tradewinds made any statement it knew or should have known was false or misleading;

   d. Whether Tradewinds' practices were immoral, unethical, unscrupulous, or substantially injurious to consumers;

   e. Whether the utility of any of Tradewinds' practices, if any, outweighed the gravity of harm to its victims;

   f. Whether Tradewinds' conduct violated public policy;

   g. Whether the consumer injury caused by Tradewinds' conduct was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided;

   h. Whether Tradewinds' policies, acts, and practices with respect to the Iced Tea Products were designed to, and did result in the purchase and use of the Iced Tea Products by the class members primarily for personal, family, or household purposes;

   i. Whether Tradewinds represented that the Iced Tea Products have characteristics, uses, or benefits which they do not have, within the meaning of Cal. Civ. Code § 1770(a)(5);

1          j.      Whether Tradewinds represented that the Iced Products are of a particular standard, quality, or grade, when they were really of another, within the meaning of Cal. Civ. Code § 1770(a)(7);

           k.      Whether Tradewinds advertised the Iced Tea Products with the intent not to sell them as advertised, within the meaning of Cal. Civ. Code § 1770(a)(9);

           l.      Whether Tradewinds represented that the Iced Tea Products have been supplied in accordance with previous representations when they have not, within the meaning of Cal. Civ. Code § 1770(a)(16);

           m.     Whether through the challenged labels and advertising, Tradewinds made affirmations of fact or promises, or descriptions of the goods;

           n.      Whether Tradewinds' affirmations of fact or promises, or descriptions of the goods became part of the basis of the bargain for the Class's purchases;

           o.      Whether Tradewinds failed to provide the goods in conformation with its affirmations of fact, promises, and descriptions of the goods;

           p.      Whether Tradewinds' conduct violates state or federal statutes or regulations;

           q.      The proper amount of damages, including punitive damages;

           r.      The proper amount of restitution;

           s.      The proper scope of injunctive relief; and

           t.      The proper amount of attorneys' fees.

   27.    These common questions of law and fact predominate over questions that affect only individual Class Members.

   28.    Plaintiff's claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Tradewinds' conduct. Specifically, all Class Members, including plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Iced Tea Products and suffered economic

injury because the Iced Tea Products' All Natural Claims are false and/or misleading. Absent Tradewinds' business practice of deceptively and unlawfully labeling the Iced Tea Products, plaintiff and Class members would only have been willing to pay less, or unwilling to purchase them at all.

29. Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action litigation, and specifically in litigation involving the false and misleading advertising of foods and beverages.

30. Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class Member is small, such that, absent representative litigation, it would be infeasible for Class Members to redress the wrongs done to them.

31. Tradewinds has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

32. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violations of the Unfair Competition Law,**

**Cal. Bus. & Prof. Code § 17200** *et seq.*

33. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

34. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200.

35. The acts, omissions, misrepresentations, practices, and non-disclosures of Tradewinds as alleged herein constitute business acts and practices.

**Fraudulent**

36. A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying a reasonable consumer test.

9

*Martin v. Tradewinds Beverage Company*
COMPLAINT

37. As set forth herein, Tradewinds' claims relating to The Iced Tea Products are likely to deceive reasonable consumers and the public.

### Unlawful

38. The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

- The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*;
- The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*;
- The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*, and specifically § 343(a) (prohibiting food labeling that is "false or misleading in any particular"); and
- The California Sherman Food, Drug, and Cosmetic Act, Cal. Health & Safety Code §§ 109875 *et seq.*

### Unfair

39. Tradewinds' conduct with respect to the labeling, advertising, and sale of the Iced Tea Products was unfair because Tradewinds' conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

40. Tradewinds' conduct with respect to the labeling, advertising, and sale of the Iced Tea Products was also unfair because it violated public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the False Advertising Law.

41. Tradewinds' conduct with respect to the labeling, advertising, and sale of the Iced Tea Products was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

42. Tradewinds profited from its sale of the falsely, deceptively, and unlawfully advertised Iced Tea Products to unwary consumers.

43. Plaintiff and Class Members are likely to be damaged by Tradewinds' continued deceptive trade practices, as Tradewinds continues to falsely advertise and sell the Iced Tea Products. Thus, injunctive relief enjoining this deceptive practice is proper.

44. Tradewinds' conduct caused and continues to cause substantial injury to plaintiff and the other Class Members, who have suffered injury in fact as a result of Tradewinds' unlawful conduct.

45. In accordance with Bus. & Prof. Code § 17203, plaintiff, on behalf of herself, the Class, and the general public, seeks an order enjoining Tradewinds from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

46. Plaintiff, on behalf of herself and the Class also seeks an order for disgorgement and restitution of all monies from the sale of the Iced Tea Products, which were unjustly acquired through acts of unlawful competition.

## SECOND CAUSE OF ACTION

### Violations of the False Advertising Law,

### Cal. Bus. & Prof. Code §§ 17500 *et seq.*

47. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

48. Under the FAL, "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

49. As alleged herein, the advertisements, labeling, policies, acts, and practices of Tradewinds relating to the Iced Tea Products misled consumers acting reasonably as to whether the Iced Tea Products are "100% natural," contain "100% natural ingredients," or are made "with all natural ingredients."

50. Plaintiff suffered injury in fact as a result of Tradewinds' actions as set forth herein because plaintiff purchased the Iced Tea Products in reliance on Tradewinds' false and misleading marketing claims that the products are all natural or contain all natural ingredients.

51. Tradewinds' business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Tradewinds has advertised the Iced Tea Products in a manner that is untrue and misleading, which Tradewinds knew or reasonably should have known.

52. Tradewinds profited from its sales of the falsely and deceptively advertised Iced Tea Products to unwary consumers.

53. As a result, pursuant to Cal. Bus. & Prof. Code § 17535, plaintiff and the Class are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Tradewinds was unjustly enriched.

## THIRD CAUSE OF ACTION

## Violations of the Consumer Legal Remedies Act,

## Cal. Civ. Code §§ 1750 *et seq.*

54. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

55. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

56. Tradewinds' false and misleading labeling and other policies, acts, and practices described herein were designed to, and did, induce the purchase and use of Tradewinds' Iced Tea Products for personal, family, or household purposes by plaintiff and other Class Members, and violated and continue to violate at least the following sections of the CLRA:

    a. § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

      b.      § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

      c.      § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

      d.      § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

57. Tradewinds profited from its sales of the falsely, deceptively, and unlawfully advertised Iced Tea Products to unwary consumers.

58. Tradewinds' wrongful business practices regarding the Iced Tea Products constituted, and constitute, a continuing course of conduct in violation of the CLRA.

59. Pursuant to California Civil Code § 1782, plaintiff notified Tradewinds in writing by certified mail, return receipt requested of her claims and the particular violations of § 1770 of the Act, but Tradewinds failed to remedy the violations within 30 days thereafter. Because Tradewinds failed to implement remedial measures, plaintiff, on behalf of herself and the Class, seeks actual and punitive damages, including attorneys' fees, as well as restitution and injunctive relief.

60. In compliance with Cal. Civ. Code § 1782(d), an affidavit of venue is filed concurrently with this Complaint.

## FOURTH CAUSE OF ACTION
## Breaches of Express Warranties,
## Cal. Com. Code § 2313(1)

61. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

62. Through the Iced Tea Products' label, Tradewinds made affirmations of fact or promises, or description of goods, that, *inter alia*, the products are "100% Natural," contain "100% Natural Ingredients," or are made "With All Natural Ingredients." These representations were "part of the basis of the bargain," in that plaintiff and the Class purchased the products in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

63. Tradewinds breached its express warranties by selling products that are not are "100% Natural," do not contain "100% Natural Ingredients," and are not made "With All Natural Ingredients."

64. That breach actually and proximately caused injury in the form of the lost purchase price that plaintiff and Class members paid for the Iced Tea Products.

65. Plaintiff notified Tradewinds of the breach prior to filing, but Tradewinds failed to rectify the breach.

66. As a result, plaintiff seeks, on behalf of herself and other Class Members, actual damages arising as a result of Tradewinds' breaches of express warranty.

## FIFTH CAUSE OF ACTION

## Breach of Implied Warranty of Merchantability,

## Cal. Com. Code § 2314

67. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

68. Tradewinds, through its acts set forth herein, in the sale, marketing, and promotion of the Iced Tea Products, made representations to plaintiff and the Class that, among other things, the product is all natural and/or contains all natural ingredients.

69. Tradewinds is a merchant with respect to the goods of this kind which were sold to plaintiff and the Class, and there was, in the sale to plaintiff and other consumers, an implied warranty that those goods were merchantable.

70. However, Tradewinds breached that implied warranty in that the Iced Tea Products are not all natural and do not contain all natural ingredients, as set forth in detail herein.

71. As an actual and proximate result of Tradewinds' conduct, plaintiff and the Class did not receive goods as impliedly warranted by Tradewinds to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods, in violation of Cal. Com. Code § 2314(2)(f).

72. Plaintiff notified Tradewinds of the breach prior to filing, but Tradewinds failed to rectify the breach.

73. As a result, plaintiff seeks, on behalf of herself and other Class Members, actual damages arising as a result of Tradewinds' breaches of implied warranty.

## PRAYER FOR RELIEF

74. Wherefore, plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Tradewinds as to each and every cause of action, and the following remedies:

    A. An Order declaring this action to be a proper class action, appointing plaintiff as class representative, and appointing undersigned counsel as class counsel;

    B. An Order requiring Tradewinds to bear the cost of class notice;

    C. An Order enjoining Tradewinds from using any challenged labeling or marketing claim that is found to be false, misleading, or unlawful;

    D. An Order compelling Tradewinds to conduct a corrective advertising campaign;

    E. An Order compelling Tradewinds to destroy all misleading and deceptive advertising materials, and The Iced Tea Products' labels;

    F. An Order requiring Tradewinds to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or untrue or misleading advertising;

    G. An award of attorneys' fees and costs;

    H. An Order requiring Tradewinds to pay statutory, compensatory, and punitive damages where permitted by law;

    I. Pre- and post-judgment interest; and

    J. Any other and further relief that Court deems necessary, just, or proper.

## JURY DEMAND

75. Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 14, 2016  /s/ Trevor M. Flynn

**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

***Attorneys for Plaintiff and the Putative Class***