#23 (5/1 HRG OFF)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING in part and DENYING in part Defendant's Motion to Dismiss

Before the Court is Defendant Tradewinds Beverage Company's motion to dismiss Plaintiff Angerlia Martin's Complaint. Dkt. # 23. The Court considers this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7–15. After considering the arguments in the moving, opposing and reply papers, the Court GRANTS in part and DENIES in part Defendant's motion.

I.    Background

This case concerns alleged misleading and deceptive labeling on iced tea beverage containers. Defendant Tradewinds Beverage Company ("Defendant") markets and sells various flavors of sweetened and unsweetened iced teas sold in single containers or multi-bottle packs. Dkt. # 1 ("Complaint" or "Compl.") ¶ 8. At issue in this case are eight varieties of iced tea flavors: (1) Sweet Tea, (2) Extra Sweet Tea, (3) Lemon Tea, (4) Raspberry Tea, (5) Unsweet Tea, (6) Unsweet Tea with Hint of Lemon, (7) Unsweet Tea with Hint of Raspberry, and (8) Unsweet Tea with Hint of Peach (together, "Iced Tea Products"). *Id*. ¶ 8. The packaging of the Iced Tea Products contains the statement "100% Natural" and/or "100% Natural Ingredients." *See id*. ¶¶ 9–10.

Plaintiff Angerlia Martin ("Plaintiff") claims that, beginning in 2014 and for the past several years, she purchased three of the eight varieties of the Iced Tea Products, namely, Sweet Tea, Lemon Tea, and Raspberry Tea. *Id*. ¶ 16. Plaintiff claims she was seeking an all-natural product, and based on Defendant's labeling, she believed that the beverages she was purchasing

Case 2:16-cv-09249-PSG-MRW Document 32 Filed 04/27/17 Page 2 of 19 Page ID #:321

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

were "all natural." *Id.* ¶ 17. However, the Iced Tea Products contain a caramel color additive, which is an artificial ingredient.[1] *Id.* ¶ 11.

Plaintiff alleges that based on the products' packaging, she reasonably believed the Iced Tea Products to be made from all natural ingredients and relied on such representations in purchasing these products. *Id.* ¶ 16. Plaintiff also asserts that had she known that the products she was purchasing were not "natural," she "would only have been willing to pay less" or be "unwilling to purchase them at all." *Id.* ¶ 22.

On December 4, 2016, Plaintiff filed this lawsuit against Defendant seeking to represent a class of "all persons in California who, on or after December 14, 2012 (the "Class Period"), purchased, for personal or household use and not for resale or distribution, the Tradewinds' Iced Tea Products." *Id.* ¶ 24. Plaintiff asserts the following causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (3) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (4) breach of express warranty; and (5) breach of implied warranty of merchantability. *See Compl.*

Defendant now moves to dismiss Plaintiff's Complaint in its entirety. Dkt. # 23 ("Mot.").

II.     Legal Standard

    1.     Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

---

[1] Plaintiff asserts that the Food and Drug Administration ("FDA") defines the term "natural" as meaning that nothing artificial or synthetic is present in the food product. *Compl.* ¶ 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

    2.    Rule 12(b)(1)

A plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (citation omitted). The "irreducible constitutional minimum" of Article III standing has three elements: (1) the plaintiff must have suffered an "injury in fact," meaning a concrete and particularized injury that is actual or imminent; (2) the injury must be causally related to the defendant's challenged actions; and (3) it must be "likely" that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted); *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013). The plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements. *See Lujan*, 504 U.S. at 561. Article III standing bears on the court's subject matter jurisdiction, and is therefore subject to challenge under Federal Rule of Civil Procedure 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

    3.    Rule 9(b)

Plaintiffs must plead allegations of fraud and those that "sound in fraud" with particularity. Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1103-05 (9th Cir. 2003). Conclusory allegations of fraud are insufficient. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

A pleading satisfies Rule 9(b) when it is "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (internal quotations marks and citation omitted); *accord Moore*, 885 F.2d at 540 ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."). This applies to claims under the UCL, FAL, and CLRA that are grounded in fraud, and which must "be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1103, 1106 (quotation marks omitted). Further, if the

Case 2:16-cv-09249-PSG-MRW   Document 32   Filed 04/27/17   Page 4 of 19   Page ID #:323

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

plaintiff claims that a statement is false or misleading, "[t]he plaintiff must set forth *what* is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis added).

III.   Discussion

As outlined in the Background section, Plaintiff asserts violations of California's UCL, FAL, and CLRA, as well as claims for breach of express and implied warranties, based on Plaintiff's purchases of Iced Tea Products bearing the allegedly misleading label "100% Natural" or "100% Natural Ingredients." *Compl.* ¶¶ 16-17.  Defendant has levied a number of challenges against the Complaint.  At the threshold, Defendant argues that:  (1) Plaintiff's claims are subject to the primary jurisdiction doctrine; (2) Plaintiff lacks standing as to the products not purchased; and (3) Plaintiff lacks standing to obtain injunctive relief.  Defendant then argues that:  (4) Plaintiff's UCL, FAL, and CLRA claims do not satisfy Rule 9(b) and fail the "reasonable consumer" test; (6) Plaintiff's claims for breach of express warranty and breach of implied warranty are inadequately pleaded, and (7) Plaintiff's request for punitive damages should be dismissed.

The Court addresses each of Defendant's arguments in turn.

A.   Primary Jurisdiction

In the first threshold argument, Defendant contends that this Court should grant its motion to dismiss the case because the Food and Drug Administration ("FDA") is "at this very moment" involved in broad rule-making concerning the labeling of foods as "natural."  *Mot*. 11.

Primary jurisdiction is a prudential doctrine that permits courts to determine "that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch."  *Astiana v. Hain Celestial Grp., Inc*., 783 F.3d 753, 760 (9th Cir. 2015) (quoting *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008)).  However, as made clear by the Ninth Circuit, "not every case that implicates the expertise of federal agencies warrants invocation of primary jurisdiction."  *Astiana*, 783 F.3d at 760.  Rather, the doctrine is reserved for a "limited set of circumstances" that "requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency."  *Clark*, 523 F.3d at 1114.  Moreover, "courts must also consider whether invoking primary jurisdiction would needlessly delay the resolution of claims."  *Reid v. Johnson & Johnson*, 780 F.3d 952, 967–68 (9th Cir. 2015); *United States v. Philip Morris USA Inc*., 686

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

F.3d 832, 838 (D.C. Cir. 2012) ("The primary jurisdiction doctrine is rooted in part in judicial efficiency."); *Astiana*, 783 F.3d at 760 ("Under our precedent, 'efficiency' is the 'deciding factor' in whether to invoke primary jurisdiction.") (citing *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007)).

      Defendant invokes the primary jurisdiction doctrine on grounds that a pending decision by the FDA concerning natural food labeling will affect the resolution of the claims in this case, therefore urging the Court to dismiss the Complaint in its entirety. *Mot*. 11–13. Defendant relies heavily on the Ninth Circuit's unpublished decision in *Kane v. Chobani*, *LLC*, to make its argument in favor of dismissal. *Mot*. 8, 12; *see also* Dkt. # 29 ("Rep.") 5–6. In *Kane*, the Ninth Circuit remanded a case involving the allegedly deceptive use of the terms "evaporated cane juice" and "natural" on food labels with instructions "that the district court stay this action pending resolution of the FDA's 'natural' and 'evaporated cane juice' proceedings." 645 Fed. Appx. 593, 594–95 (9th Cir. 2016). The Court's decision in *Kane* relied on both the FDA's November 2015 issuance of requests for comments regarding the use of the term "natural" in connection with food product labeling, as well as a letter from the FDA to Judge Edward Chen, U.S. District Court for the Northern District of California, representing that final guidance on the term "evaporated cane juice" was expected by the end of 2016.[1] *Id*. at 594. The Ninth Circuit cautioned however:

> "[T]he duration of the stay remains within the sound discretion of the district court. If future events render the FDA's apparently imminent resolution of the 'evaporated cane juice' and 'natural' issues illusory, such events should inform the district court's exercise of its discretion."

*Id*. at 595 n.1.

      The food labeling at issue here involves the addition of caramel food coloring, and in contrast to the circumstances in *Kane*, there is no representation from the FDA that resolution of the question of color additives is forthcoming. According to the FDA's current standards, any added coloring to food, whether naturally derived or artificial, renders a food not "natural."[2]

---

[1] The FDA issued guidance in May of 2016 regarding evaporated cane juice. *See* FDA's "Guidance for Industry: Ingredients Declared as Evaporated Cane Juice" (May 2016), https://www.fda.gov/food/guidanceregulation/guidancedocumentsregulatoryinformation/labelingnutrition/ucm181491.htm.

[2] FDA, Use of the Term "Natural" in the Labeling of Human Food Products; Request for Information and Comments (Nov. 12, 2015), https://www.federalregister.gov/documents/2015/11/12/2015-28779/use-of-the-term-natural-in-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

Plaintiff submits, and this Court agrees, that a review of the citizen petitions that prompted the FDA to request comments does not indicate that a change in natural food labeling as it pertains to food coloring is forthcoming. *See* Dkt. # 27 ("Opp.") 19–20. In addition, the FDA's most recent comments period for natural food labeling ended on February 10, 2016,[1] which begs the question of whether further guidance is currently contemplated regarding natural food labeling generally and color additives specifically, and whether there is any reason to believe that developments will occur in the foreseeable future.

Defendant's argument that courts are generally invoking primary jurisdiction in cases involving "natural" claims is unpersuasive. *Rep.* 5. For example, shortly after the decision in *Kane*, the Ninth Circuit affirmed in part and reversed in part a district court's dismissal in a case involving allegedly deceptive "all natural" claims on packaged fruit products, and remanded the case for further proceedings. *See Brazil v. Dole Packaged Foods, LLC*, 660 Fed. Appx. 531 (9th Cir. 2016). Significantly, the Ninth Circuit found that the district court's decision not to stay or dismiss the case under the primary jurisdiction doctrine did not constitute an abuse of discretion. *Id.* at 533. It is therefore questionable that *Kane* carries the weight Defendant ascribes to it. *See also In re Hain Celestial Seasonings Prod. Consumer Litig.*, No. SACV 13-1757-AG (ANx) (dkt. 315–317) (C.D. Cal. Nov. 7, 2016) (lifting stay imposed pursuant to primary jurisdiction doctrine after six months of no indication that the FDA had taken any rulemaking or informal guidance action on the question of "natural" food labeling).

Accordingly, the Court concludes that dismissal pursuant to the primary jurisdiction doctrine is not warranted at this time. Defendant's motion to dismiss on this basis is therefore denied.

      B.    <u>Article III and Statutory Standing as to Products not Purchased</u>

Under Article III of the United States Constitution, a plaintiff must show "injury in fact" to have standing in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An "injury in fact" must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc., v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan*, 504 U.S. at 560–61). A "quintessential injury-in-fact" occurs when the "plaintiffs spent money that, absent defendants' actions, they would not have spent." *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011); *San Diego Cnty. Gun Rights Comm.*

---

the-labeling-of-human-food-products-request-for-information-and-comments.
[1] *See id.*

Case 2:16-cv-09249-PSG-MRW Document 32 Filed 04/27/17 Page 7 of 19 Page ID #:326

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | | Date | April 27, 2017 |
|---|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | | |

*v. Reno*, 98 F.3d 1121, 1130 (9th Cir.1996) ("Economic injury is clearly a sufficient basis for standing.").

Here, Defendant argues that Plaintiff lacks constitutional and statutory standing as to products that she did not purchase. *Mot*. 13. In her Complaint, Plaintiff alleges she purchased three of the eight varieties of Iced Tea Products at issue in this case: Sweet Tea, Lemon Tea, and Raspberry Tea. *Compl*. ¶ 16. Defendant therefore asserts she lacks standing as to the remaining five products. *Mot*. 13. Although Plaintiff does not dispute that she never purchased the remaining five varieties of the Iced Tea Products, she asks the Court to allow the case to advance because the non-purchased products are substantially similar to the other products purchased by Plaintiff. *Opp*. 6.

There is no controlling authority on whether plaintiffs have standing to sue for products that they did not purchase. *See Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868–69 (N.D. Cal. 2012) (collecting cases); *accord Gratz v. Bollinger*, 539 U.S. 244, 262–63 & n.15 (2003) (noting tension in prior cases). Although some courts have found that such plaintiffs lack standing to sue and other courts reserve the analysis until a motion for class certification, the developing consensus in federal courts urges a close look at the similarity of the products. *See Miller*, 912 F. Supp. 2d at 868–69. In a "majority" of courts, the inquiry now turns on whether the product that the plaintiff purchased is "substantially similar" to the products not purchased. *Id.* at 869 (citing *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. C 11-2910 EMC, 2012 WL 2990766, at *11 (N.D. Cal. July 20, 2012)).

Products are "substantially similar" if they contain common ingredients or if the alleged misrepresentations on the labels of the products are identical. *See, e.g.*, *id.*; *see also Dysthe v. Basic Research LLC*, No. CV 09-8013 AG (SSx), 2011 WL 5868307, at *5 (C.D. Cal. June 13, 2011) ("Having a few common ingredients is simply not enough to show the Products are the same or even 'nearly identical.' In fact, this is true for just about any type of product. After all, just because an Old Fashioned and a Manhattan both have bourbon doesn't mean they are the same drink."). "Where product composition is less important, the cases turn on whether the alleged misrepresentations are sufficiently similar across product lines." *See Miller*, 912 F. Supp. 2d at 869–70 (citing to *Koh v. S.C. Johnson & Son, Inc.*, No. C-09000927 RMW, 2010 WL 94265, at *1, 2–3 (N.D. Cal. Jan. 5, 2010) (allowing case to proceed where labels were identical)).

Here, the non-purchased products are all varieties of iced tea beverages made by Defendant that use the term "100% Natural" on their front label, yet include artificial caramel color. *See Compl*. ¶ 9–10. This is not a case where a plaintiff seeks to challenge different types

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

of products, for instance, "baking chips, three drink powders, and wafers" that "look different [and] are labeled differently. . . ." *See Miller*, 912 F. Supp. 2d at 870. As in *Astiana*, Plaintiff here "challeng[e] the same kind of food products . . . as well as the same labels for all of the products. . . ." *See Astiana*, 2012 WL 2990766, at *13. The Court thus finds the non-purchased products in this case to be sufficiently similar to the products that Plaintiff did purchase, and therefore denies Defendant's motion to dismiss the claims regarding these products on grounds that Plaintiff lacks standing.

    C.    <u>Standing to Seek Injunctive Relief</u>

Defendant argues that the Court should dismiss Plaintiff's statutory claims so far as they seek injunctive relief because Plaintiff lacks Article III standing to seek such relief. *See Mot.* 15. For injunctive relief, "to establish standing, plaintiff must allege that he intends to purchase the products at issue in the future." *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 325241, at *10 (N.D. Cal. Jan. 29, 2014); *see also In re 5-hour ENERGY Marketing and Sales Practices Litig.*, No. MDL 13-2438 PSG, 2014 WL 5311272, at *10–11 (C.D. Cal. Sept. 4, 2014) (dismissing Plaintiffs' requests for injunctive relief for failing to allege interest in purchasing Defendant's products in the future). Defendant asserts that Plaintiff lacks standing because the Complaint does not allege that she intends to purchase the Iced Tea Products in the future. *Mot.* 15.

Defendant is correct that Plaintiff's Complaint fails to state an intent to purchase the same products again in the future and Plaintiff's Opposition offers no plausible rebuttal. *See Opp.* 7; *see Bird v. First Alert, Inc.*, No. C14-3585 PJH, 2014 WL 7248734, at *5 (N.D. Cal. Dec.19, 2014) ("A plaintiff who has no intention of purchasing a product in the future has no standing to seek prospective injunctive relief."); *cf. Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533–34 (N.D.Cal. 2012) (finding that plaintiffs had standing to pursue injunctive relief where they alleged that they intended to purchase the products in the future); *see also Rahman v. Mott's LLP*, No. CV13-3482 SI, 2014 WL 5282106, at *6 (N.D. Cal. Oct. 15, 2014) ("To have standing for injunctive relief, a plaintiff must show he 'suffered or is threatened with a concrete and particularized legal harm [and] a sufficient likelihood that he will again be wronged in a similar way.'") (citing *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)).

Accordingly, because Plaintiff does not allege that she would purchase Defendant's Iced Tea Products again in the future, the requests for injunctive relief associated with Plaintiff's statutory causes of action are dismissed. Moreover, because Defendant removed the "natural"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

claims from the Iced Tea Products packaging in October of 2015, *see Mot*. 16,[1] Plaintiff cannot plausibly allege that she will, in the future, rely on the "natural" statement to her detriment. Plaintiff's request for injunctive relief is therefore dismissed without leave to amend.

D.  Plaintiff's UCL, FAL, and CLRA claims (first, second and third causes of action)

California's Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The false advertising law prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500. "'[A]ny violation of the false advertising law . . . necessarily violates' the UCL." *Kasky v. Nike, Inc*. 27 Cal. 4th 939, 950 (2002) (quoting *Comm. on Children's Television, Inc. v. General Foods Corp*., 35 Cal. 3d 197, 210 (1983)). California's Consumer Legal Remedies Act prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770.

Defendant argues that the Complaint fails to state a claim under the UCL, FAL and CLRA because the allegations do not satisfy the particularity requirements of Rule 9(b). *See Mot*. 23–26. In addition, Defendant argues that the UCL, FAL, and CLRA claims fail for failure to meet the "reasonable consumer" test. *Id*. at 20.

1.  Sufficiency of Allegations under Rule 9(b)

Defendant contends that the factual allegations are insufficient under Rule 9(b) because the Complaint does not plead the "how," "when," and "where" with any degree of particularity. *Id*. at 24.

i.  *When and Where*

---

[1] *See also* Dkt. # 23-2, *Declaration of Robert Lawton* ¶ 2. "[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

This Court previously observed that "[m]any courts in California have applied a relatively straightforward test for the application of Rule 9(b) to label-based fraud claims." *See In re 5-hour*, 2014 WL 5311272, at *17. "The 'who' are the defendants; the 'what' are their allegedly misleading claims; the 'when' is the proposed class period, during which those claims were made; the 'where' is the offending label; and the 'how' is the plaintiff's explanation why the defendants claims are misleading." *Id.* (citing *Ang v. Bimbo Bakeries USA, Inc.*, No 13-cv00196-WHO, 2013 WL 5407039, at *2–3 (N.D. Cal. Sept. 25, 2013); *Clancy v. The Bromley Tea Co.*, No. 12-cv-03003-JST, 2013 WL 4081632, at *10-11 (N.D. Cal. Aug. 9, 2013); *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1126 (N.D. Cal. 2010); *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1099–1100 (C.D. Cal. 2012)).

Under this test, Plaintiff has sufficiently alleged the "when" by specifying that Plaintiff purchased the Iced Tea Products "beginning in 2014, and during the past several years" and "thereafter . . . approximately once per week." *Compl.* ¶ 16; *accord Khasin v. Hershey Co.*, No. 5:12-CV-01862, 2012 WL 5471153, at *8 (N.D. Cal. Nov. 9, 2012) ("the 'when' is since 2008 and throughout the Class Period"). Plaintiff further specified three grocery stores located in Altadena and Pasadena in California where the purchases took place. *Compl.* ¶ 16; *see Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 902 (N.D. Cal. 2012) (Plaintiffs' labeling allegations "satisfy Rule 9(b) as to the 'when and where'" because informing Defendant "that they bought the products in California since April 2008 [was] sufficient to put Defendant on notice of the claims against it"); *Burge v. Freelife Intern., Inc.*, No. CV-09-1159-PHX-JAT, 2009 WL 3872343, at *3 (D. Az. Nov. 18, 2009) ("Although Plaintiffs have not alleged the exact place or location where the misrepresentations took place, the Court does not believe the place is in any way integral to Plaintiff's claims. The most significant allegations with respect to Rule 9(b) are the specific content of the alleged misrepresentations so that [Defendant] may adequately defend Plaintiffs' allegations.").

Plaintiff also pleads the "where" with sufficient particularity by identifying the offending labels at issue – the "100% Natural" and "100% Natural Ingredients" – and specifying the eight Iced Tea Products that bore these labels. *Compl.* ¶¶ 8–10. These allegations are easily sufficient. *See Khasin*, 2012 WL 5471153, at *8 ("the 'where' is on the package labels of the products in question and on Defendant's website"); *Clancy*, 2013 WL 4081632, at *10 ("the 'where' is [Defendant's] package labels and website").

Plaintiff has particularly alleged the labels that are at issue in this lawsuit and the basis for their alleged falsity, thus, Defendant is aware of the precise representations that form the basis of Plaintiff's consumer fraud claims. Accordingly, the Court concludes that the allegations in the Complaint satisfy Rule 9(b)'s "when" and "where" standards for label-based fraud claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

*ii.     How*

Defendant also argues that Plaintiff fails to allege with particularity *how* she was deceived by the statements on the labels. *See Mot.* 25. As noted above, in a labeling fraud case, "the 'how' is the plaintiff's explanation why the defendants claims [on the labels] are misleading." *See In re 5-hour*, 2014 WL 5311272, at *17. Many courts find the "how" pleading element satisfied by very basic allegations. *See Khasin*, 2012 WL 5471153, at *8 ("the 'how the statements were misleading' is Plaintiff's allegation that but for Defendant's misrepresentations he would not have purchased the products, and thus was deceived"); *Clancy*, 2013 WL 4081632, at *10 ("The FAC alleges that Defendant's product labels and website were in violation of the Sherman Law, and that Plaintiff reasonably relied on those statements to purchase products he would not have purchased absent these allegedly deceptive statements, satisfying the requirement to demonstrate 'how' the statements were misleading."); *see also Jones*, 912 F. Supp. 2d at 902. Some courts recognize what appears to be a slightly higher standard, holding that "Plaintiffs must offer more than their legal conclusion that they were 'unaware' that the products were 'misbranded'" under the FDA and explain how they "were actually misled." *See Samet v. Procter & Gamble Co.*, No. 5:12-CV-01891 PSG, 2013 WL 3124647, at *8 (N.D. Cal. Jun. 18, 2013).

Under either articulation of the standard, the Complaint sufficiently pleads "how" the labels were misleading to Plaintiff. The crux of Plaintiff's allegations is that Defendant labeled its Iced Tea Products as being "100% Natural" or being made of "100% Natural Ingredients," when in fact, "each of the Iced Tea Products contains the artificial coloring, caramel color." *Compl.* ¶ 11. The identified caramel color at issue is an artificial ingredient because the FDA recognizes that "'all color additives regardless of source' are artificial or synthetic." *Id.* ¶ 12. Thus, the purported deception is that Defendant labeled its products in such a way that Plaintiff believed that the beverages consisted of only natural ingredients, when that was not the case. *Id.* ¶ 13. The Court finds this explanation of how the labels were misleading sufficient under Rule 9(b).

        2.     Likely to Deceive a Reasonable Consumer

In an argument related to the "how" prong of the Rule 9(b) analysis, Defendant also argues that the UCL, FAL and CLRA claims fail because the Complaint does not allege facts to support that the labels were "likely to deceive a reasonable consumer," as required to allege violations of each of the statues. *Mot.* 20–23; *see Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (explaining that California's UCL, FAL, and CLRA "are governed by the 'reasonable consumer' test, meaning that plaintiffs "must 'show that members of the public are likely to be deceived'") (citations omitted). The California Supreme Court has recognized "that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

these laws prohibit not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Williams*, 552 F.3d at 938 (quoting *Kasky v. Nike, Inc*., 27 Cal. 4th 939, 951 (2002)) (internal quotation marks omitted). "Generally, the question of whether a business practice is deceptive presents a question of fact not suited for resolution on a motion to dismiss." *Jones*, 912 F. Supp. 2d at 899 (citing *Williams*, 552 F.3d at 983).

Courts addressing similar consumer protection claims related to FDA labeling violations have determined that these theories of liability are not suitable for dismissal on the grounds that, as a matter of law, a reasonable consumer would not have been deceived by the labeling. For example, in *Jones*, Defendant's products stated "Natural Antioxidants are Found in Cocoa" and "The Antioxidants Vitamin C and Lycopene are found naturally in tomatoes," and Plaintiffs claimed they "were misled because they erroneously believed the implicit representation that the tomato and cocoa products that they were purchasing met the minimum nutritional threshold to make such antioxidant claims." *See Jones*, 912 F. Supp. 2d at 901. Defendant argued that a reasonable consumer was unlikely to have detailed knowledge of the FDA regulations setting out the minimum nutritional threshold necessary to make antioxidant claims, so a reasonable consumer could not have interpreted the statements as guaranteeing a certain nutritional threshold. *Id.* The Court rejected the argument at the motion to dismiss stage: "It would be improper to dismiss the antioxidant claims at this point in the proceedings because, contrary to Defendant's assertions, this is not a situation where the Court can conclude as a matter of law that a reasonable consumer would not be deceived by the antioxidant claims[.]" *Id*.; *see also Surzyn v. Diamond Foods, Inc*., No. 14-cv-0136-SBA, 2014 WL 2212216, at *3 (N.D. Cal. May 28, 2014) ("[T]he question of whether consumers were deceived by an 'All Natural' designation must be resolved based on consideration of evidence—and not at the pleading stage."); *Parker v. J.M. Smucker Co*., No. C 13–690 SC, 2013 WL 4516156, at *6 (N.D. Cal. Aug. 23, 2013) (allegations that a reasonable consumer would believe that a product labeled as "all natural" contained no bioengineered or chemically altered ingredients "cannot be resolved as a matter of law"); *Khasin*, 2012 WL 5471153, at *7 (rejecting Defendant's argument that Plaintiff would have had to be familiar with FDA regulations in order to plausibly be deceived, "because the issues Defendant raise[d] ultimately involve[d] questions of fact as to whether Plaintiff was or was not deceived by the labeling; this argument [wa]s therefore beyond the scope of th[e] Rule 12(b)(6) motion.") (citing *Williams*, 552 F.3d at 938–39).

Here, the statement that Iced Tea Products were "100% Natural" or made with "100% Natural Ingredients" could easily be interpreted by consumers as a claim that all the ingredients in the product were natural, which appears to be false due to the presence of an artificial color additive. *See Williams*, 552 F.3d at 939; *see also Astiana v. Ben & Jerry's Homemade, Inc*., No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

C 10–4387 PJH, 2011 WL 2111796, at *5–6 (N.D. Cal. May 26, 2011) (denying motion to dismiss where plaintiff alleged that ice cream labeled "all natural" contained synthetic ingredients); *Hitt v. Ariz. Beverage Co., LLC*, No. 08-cv-809 WQH (POR), 2009 WL 449190, at *7 (S.D. Cal. Feb. 4, 2009) (denying motion to dismiss where the plaintiff alleged, inter alia, that a reasonable consumer would find the "all natural" labeling on the defendant's drink products, which contained high fructose corn syrup, to be deceptive).

Defendant argues that no reasonable consumer could be deceived by the "100% Natural" label because an examination of the ingredient list on the back side of the packaging reveals that the product contains a color additive. *Mot.* 22. However, the Ninth Circuit has rejected this precise argument in overturning a district court's grant of a motion to dismiss. *See Williams*, 552 F.3d at 939–40. As the Ninth Circuit explained:

> "We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box. The ingredient list on the side of the box appears to comply with FDA regulations and certainly serves some purpose. We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging."

*Id.* at 939–40.

The Court agrees with the reasoning in these cases and concludes that it would be improper to dismiss Plaintiff's all natural labeling claims on the grounds that a reasonable consumer is not likely to be deceived by the facts as alleged in the Complaint. Accordingly, the Defendant's motion to dismiss Plaintiff's UCL, FAL, and CLRA claims on grounds that they fail to state a plausible claim for relief is denied.

E. <u>Breach of Express Warranty (fourth cause of action)</u>

To prevail on a breach of express warranty claim, Plaintiff must show that "(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *Allen v. Hyland's, Inc.*, 300 F.R.D. 643, 669 (C.D. Cal. 2014) (citing *Weinstat v. Dentsply Intern, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010) (internal citations omitted)). A food label can create an express warranty. *See* Cal. Com. Code § 2313(1)(b) ("Any description of the goods which is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."); *see also Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-cv-05222, 2014 WL 2451290, at *6 (N.D. Cal. June 2, 2014) ("all natural" representation on packaging sufficient to state a claim for breach of express warranty); *Parker*, 2013 WL 4516156, at *6 ("all natural" is "an affirmative claim about a product's qualities"); *Ham v. Hain Celestial Group, Inc.*, No. 14–cv–02044–WHO, 2014 WL 4965959, at *5-6 (N.D. Cal. Oct. 3, 2014) ("all natural" claims on waffles constituted an express warranty); *Vicuña v. Alexia Foods, Inc.*, No. C 11–6119 PJH, 2012 2012 WL 1497507, at *6 (N.D. Cal. Apr. 27, 2012) ("all natural" food label constituted an express warranty).

Here, Defendant's labels represent their Iced Tea Products as "100 % Natural" or made with "100% Natural Ingredients." *Compl.* ¶ 11. Plaintiff has thus sufficiently pleaded affirmations of fact to state a plausible claim for breach of express warranty. Defendant raises two arguments in defense. First, Defendant argues that where a complaint fails to plead a plausible "reasonable consumer" standard for a labeling term, it also fails to plausibly plead the reliance and non-compliance elements of an express warranty claim. *Mot.* 26. Because the Court finds that Plaintiff has satisfied the "reasonable consumer" test for purposes of surviving a motion to dismiss, this argument is unavailing. Moreover, although some California courts have treated reliance as an element of a breach of express warranty claim, *see In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 984 & n.198 (C.D. Cal. 2015) (collecting cases), the Court finds most persuasive the opinions from those courts that have not. *See, e.g.*, *id.* at 984; *Weinstat*, 180 Cal. App. 4th at 1227; *Kearney v. Hyundai Motor Am.*, No. SACV 09-1298 JST (MLGx), 2010 WL 8251077, at *7 (C.D. Cal. Dec. 17, 2010); *accord Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 899–900 (N.D. Cal. 2012); *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1178 (S.D. Cal. 2012). As Judge Morrow pointed out in *ConAgra Foods*, the courts that require reliance have failed to incorporate new language from the Uniform Commercial Code ("UCC") that disavows the reliance requirement. *See In re ConAgra Foods, Inc.*, 90 F. Supp. 3d at 984 n.198. Judge Morrow's reasoning, and the reasoning in the cases cited above, persuades the Court that reliance is not required to state a breach of express warranty claim under California law, and so, the Court denies Defendant's motion to dismiss the breach of express warranty claim to the extent Defendant argues Plaintiff has not adequately pleaded reliance.

Second, Defendant argues that Plaintiff's express warranty claim is barred because Plaintiff failed to provide pre-suit notice to Defendant as required by California Commercial Code section 2607(3)(A) ("§ 2607(3)(A)"). *Mot.* 17. While Plaintiff did, two months prior to filing suit, send a CLRA demand letter to Defendant outlining the factual and legal theories of her complaint, *see Compl.* ¶ 16, Defendant contends this notice was not provided "within reasonable time" after discovering any breach. *Rep.* 8. This argument however is irrelevant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

As a general rule, California law requires a buyer to notify the seller before filing suit for breach of express warranty. § 2607(3)(A) ("the buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy."). California law recognizes an exception, however, when the buyer is not in privity of contract with the manufacturer. *See Greenman v. Yuba Power Products, Inc.*, 59 Cal. 2d 57, 61 (1963) ("[Section 2607] does not provide that notice must be given of the breach of a warranty that arises independently of a contract of sale between the parties."); *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 950–51 (C.D. Cal. 2012) ("[U]nder California law, a consumer need not provide notice to a manufacturer before filing suit against them."); *Sanders v. Apple Inc.,* 672 F. Supp.2d 978 (N.D. Cal. 2009) ("However, timely notice of a breach of an express warranty is not required where the action is against a manufacturer and is brought by injured consumers against manufacturers with whom they have not dealt.") (citation omitted). This rule is "designed to protect a consumer who 'would not be aware of his rights against the manufacturer. . . . [A]t least until he has had legal advice it will not occur to him to give notice to one with whom he has had no dealings.'" *Sanders*, 672 F. Supp. 2d at 989 (quoting *Greenman*, 59 Cal. 2d at 61).

Because Plaintiff is a consumer and purchased the products in question from a retail store rather than from Defendant directly, Plaintiff was not required to provide pre-suit notice.

Accordingly, Defendant's motion to dismiss Plaintiff's express warranty claim is denied.[1]

F.  Breach of Implied Warranty (fifth cause of action)

"The California Commercial Code implies a warranty of merchantability that goods '[a]re fit for ordinary purposes for which such goods are used.'" *Birdsong*, 590 F.3d at 958 (quoting Cal. Com. Code § 2314(2)(c)). The implied warranty of merchantability provides for a minimum level of quality and a breach occurs if the product lacks "even the most basic degree of

---

[1] The Court is unpersuaded by Defendant's attempt to extend the pre-suit notice requirement of § 2607(3)(A) to all of Plaintiff's causes of action. *See Mot*. 17–19. The cases Defendant relies on all concern the pre-suit notice requirement in the context of breach of warranty claims only, and provide no support for Defendant's argument that § 2607(3)(A) applies to Plaintiff's statutory claims as well. *See, e.g.*, *Cortina v. Goya Foods, Inc*., 94 F. Supp.3d 1174, 1195–96 (S.D. Cal. 2015); *Swearingen v. Santa Cruz Nat., Inc*., No. 13-cv-4291-SI, 2016 WL 4382544, *11 (N.D. Cal. Aug. 17, 2016); *Pollard v. Saxe & Yolles Dev. Co*., 12 Cal. 3d 374, 380 (1974); *Metoxi v. Traid Corp*., 104 Cal. Rptr. 599, 602–04 (1972). Defendant's argument fails in any case, as the Court has determined that a consumer such as Plaintiff need not provide pre-suit notice in her claims against a manufacturer. *See Keegan*, 838 F. Supp. 2d at 950–51.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

fitness for ordinary use." *Id.* (quoting *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003)). Although the Commercial Code offers six ways to demonstrate that a product is not "merchantable," Plaintiff asserts her claims under section 2(f), which states that a product is "not merchantable" if it fails to "conform to the promises or affirmations of fact made on the container or label if any." *See* Cal. Com. Code § 2314(2)(f); *see Opp*. 13. However, in order to state a claim for breach of the implied warranty, it is not sufficient to merely allege that the product was not merchantable under one of the six theories. Rather, a plaintiff asserting a claim for breach of the implied warranty must also stand in vertical contractual privity with the defendant. *Clemens v. Daimler*, 534 F.3d 1017, 1023 (9th Cir. 2008); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005).

Plaintiff has alleged no facts supporting the inference that Plaintiff and Defendant were in vertical privity in regard to the purchase of Iced Tea Products. Nor, based on the facts alleged, does it appear that Plaintiff could do so. Plaintiff alleges that she purchased the Iced Tea Products from retail stores and no contract is alleged to have existed between the parties. *Compl*. ¶ 8. "A buyer and seller stand in privity if they are in adjoining links of the distribution chain." *Osborne v. Subaru of Am. Inc.*, 198 Cal. App. 3d 646, 656 n.6 (1988). Thus, an end consumer, such as Plaintiff, is not in privity with the Defendant manufacturer.

There are two notable exceptions to the general rule that a plaintiff asserting a claim for implied warranty must stand in vertical privity with the defendant: (1) when the plaintiff relies on written labels or advertisements of a manufacturer; or (2) special cases involving foodstuffs, pesticides, and pharmaceuticals, and where the end user is an employee of the purchaser. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). The first exception is only applicable to express warranties. *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 696 (1954) ("[T]he . . . exception, where representations are made by means of labels or advertisements, is applicable only to express warranties."). The second exception is inapplicable because Plaintiff does not allege that she was an employee of the purchaser.

Accordingly, in the absence of allegations showing vertical privity between Plaintiff and Defendant, Plaintiff's claim for breach of the implied warranty of merchantability must fail. Moreover, given the relationship between the parties in this case, it appears that amendment would be futile, so the Court dismisses the implied warranty cause of action without leave to amend.

    G.    <u>Punitive Damages</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

Lastly, the Court addresses Defendant's motion to dismiss the punitive damages demand contained in the Complaint. *See Compl.* ¶ 59. Punitive damages are not available under the UCL and FAL. *See Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1137 (C.D. Cal. 2005). Thus, in order for Plaintiff to receive punitive damages under the CLRA, Plaintiff must establish that Defendant was "guilty of oppression, fraud, or malice . . . ." Cal. Civ. Code § 3294(a); *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 592 (C.D. Cal. 2011). "Punitive damages are recoverable in those fraud actions involving intentional, but not negligent, misrepresentations." *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 592 (C.D. Cal. 2011). "The mere carelessness or ignorance of the defendant does not justify the imposition of punitive damages." *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*, 185 Cal. App. 3d 1149, 1154 (1986).

In view of the allegations contained in the Complaint, the Court finds merit in Defendant's argument that Plaintiff's request for punitive damages should be dismissed. None of the allegations in the Complaint provide a factual foundation to suggest that Defendant intentionally and knowingly engaged in malicious, fraudulent, or oppressive activities, and Plaintiff fails to even address the issue in her Opposition brief. Although Plaintiff alleges in her Complaint that "Tradewinds has advertised the Iced Tea Products in a manner that is untrue and misleading, which Tradewinds knew or reasonably should have known," *see id.* ¶ 19, 51, such an allegation does not rise to the standard demanded by section 3294. *See* Cal. Civ. Code § 3294(a) (punitive damages available "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, and malice . . ."); *id.* § 3294(c)(3) ("'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact *known* to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.") (emphasis added).[1]

Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's request for punitive damages, with leave to amend.

H.     Leave to Amend

---

[1] This determination is not inconsistent with the Court's finding that Plaintiff has adequately pleaded her UCL, FAL, and CLRA claims that "sound in fraud." As discussed above, Plaintiff's UCL, FAL, and CLRA claims are subject to the "reasonable consumer" test, which, unlike Cal. Civ. Code § 3294, demands no showing of intentional or knowing conduct on part of Defendant, but rather requires facts that show that the labels at issue are "likely to deceive a reasonable consumer." *See supra*, Section D.2. That Plaintiff has met the "reasonable consumer" test therefore has no bearing on the determination of whether she has pleaded sufficient facts under Cal. Civ. Code § 3294.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

    The final question is whether the Court should grant leave to amend.  "Generally [Federal Rule of Civil Procedure] 15 advises the court that 'leave shall be freely given when justice so requires.'  This policy is 'to be applied with extreme liberality.'"  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curium) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  The Court, however, may deny leave to amend if plaintiff has repeatedly failed to cure deficiencies or if amendment would be futile.  *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041–42 (9th Cir. 2015).

    The Court dismissed Plaintiff's claim for breach of implied warranty of merchantability (fifth cause of action) and request for injunctive relief.  Because Plaintiff could not plausibly allege additional facts to support these claims, as discussed above, the Court finds that amendment would be futile and declines to grant leave to amend for the breach of implied warranty claim and request for injunctive relief.

    The Court also dismissed Plaintiff's request for punitive damages for failure to plead sufficient facts showing Defendant intentionally and knowingly engaged in fraudulent, oppressive or malicious conduct in mislabeling the Iced Tea Products.  Because the request for punitive damages could theoretically be cured by amendment, the Court will grant leave to amend.

IV.    <u>Conclusion</u>

    Plaintiff asserted five causes of action stemming from Defendant's alleged misleading labeling of the Iced Tea Products.  Having considered the arguments in the moving, opposing, and reply papers, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss.  The Court finds as follows:

- As to the first cause of action for violation of the UCL, the Court DENIES Defendant's motion;

- As to the second cause of action for violation of the FAL, the Court DENIES Defendant's motion;

- As to the third cause of action for violation of the CLRA, the Court DENIES Defendant's motion;

- As to the fourth cause of action for breach of express warranty, the Court DENIES Defendant's motion;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-9249 PSG (MRWx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | Angerlia Martin et al. v. Tradewinds Beverage Company | | |

- As to the fifth cause of action for breach of implied warranty of merchantability, the Court GRANTS Defendant's motion, WITHOUT LEAVE TO AMEND;

- As to Plaintiff's request for injunctive relief, the Court GRANTS Defendant's motion, WITHOUT LEAVE TO AMEND;

- As to Plaintiff's request for punitive damages, the Court GRANTS Defendant's motion, WITH LEAVE TO AMEND.

Plaintiff may file a First Amended Complaint ("FAC") consistent with this Order no later than **May 29, 2017**. If Plaintiff fails to do so, the request for punitive damages that has been dismissed with leave to amend will be dismissed **with prejudice**.

**IT IS SO ORDERED**.